IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANTAVIS FOREMAN,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　)　　　CASE NO. 3:18-CV-500-WKW
　　　　　　　　　　　　　　　　　)　　　[WO]
LEE COUNTY JUSTICE CENTER,　　)
*et al.*,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Antavis Foreman, an inmate incarcerated in the Lee County Detention Center, which he misidentifies as the Lee County Justice Center.  In the complaint, Foreman challenges conditions to which he is subjected at the detention center. Doc. 1.  Upon review, the court concludes the claims presented by Foreman against the Lee County Justice Center are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## I.  DISCUSSION

Foreman names the Lee County Justice Center, identified as his place of confinement, as a defendant.  The law is settled that a county sheriff's department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v.*

---

[1] Except to the extent payment of an initial partial filing fee was required, the court granted Foreman leave to proceed *in forma pauperis* in this case. Doc. 4.  This court is therefore permitted to screen the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This statute directs the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

*Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  It follows that a building or structure utilized by a sheriff's department is not a legal entity subject to suit under § 1983.  For this reason, the Lee County Justice Center is due to be dismissed as a defendant under 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      Plaintiff's claims against the Lee County Justice Center be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

2.      The Lee County Justice Center be DISMISSED as a defendant to this cause of action.

3.      This case with respect to Plaintiff's claims against Sheriff Jones, Capt. Welch and Lt. Jones be referred to the undersigned for further proceedings.

It is further ORDERED that on or before **July 24, 2018,** Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th

Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE on this 10th day of July, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE